IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| GILLESPIE COMMUNITY UNIT SCHOOL DISTRICT NO. 7 MACOUPIN COUNTY, ILLINOIS, <br><br> Plaintiff, <br><br> v. <br><br> UNION PACIFIC RAILROAD COMPANY and WIGHT & COMPANY, <br><br> Defendants. | No. 09-3257 |

<u>OPINION</u>

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Plaintiff Gillespie Community Unit School District No. 7 Macoupin County, Illinois' (District) Motion to Remand (d/e 7) (Motion). The parties have thoroughly briefed the matter, so the Court does not require oral argument. For the reasons set forth below, the Motion is ALLOWED. The District's Notice of Request for Oral Argument (d/e 8) is DENIED.

STATEMENT OF FACTS

The District filed this action on August 3, 2009, in Macoupin County,

1

Illinois, Circuit Court. The Defendants were the Union Pacific Railroad Company (Union Pacific) and architectural firm Wight & Co. The District's claims arose from a school building that allegedly suffered damage due to mine subsidence. The District sued Union Pacific as the owner of the mines that subsided. The District sued Wight & Co. as the architects that provided site selection and other architectural services in connection with the building of the school. <u>Notice of Removal (d/e 1)</u>, Exhibit A, <u>Complaint</u>. The District alleged damages of approximately $22,000,000.00. <u>Complaint</u>, ¶ 29.

The District attached a copy of its Contract with Wight & Co to the Complaint. The District and Wight & Co. signed a Standard Form Agreement Between Owner and Architect with Standard Form of Architect's Services, as modified by the parties, dated September 25, 2000 (2000 Agreement). The remedial provisions of the 2000 Agreement contained a clause regarding the statute of limitations. The clause stated:

> 1.3.7.3 Causes of action between the parties to this Agreement pertaining to acts or failures to act shall be deemed to have accrued and the applicable statutes of limitations shall commence to run not later than either the date of Substantial Completion for acts or failures to act occurring prior to Substantial Completion or the date of issuance of the final Certificate for Payment for acts or failure to act occurring after

> Substantial Completion. In no event shall such statutes of limitations commence to run any later than the date when the Architect's services are substantially completed.

<u>Notice of Removal</u>, Exhibit A, <u>Complaint, attached 2000 Agreement</u>, § 1.3.7.3. The 2000 Agreement also recited that the parties had previously entered into a Pre-referendum Service Agreement in 1999 (1999 Agreement). The 2000 Agreement provided that the remedial provisions of the 2000 Agreement would govern the 1999 Agreement. <u>2000 Agreement</u>, § 1.1.4.4. Construction of the school was completed in August 2002. <u>Complaint</u>, ¶ 25.

The District served Union Pacific with the Complaint on August 10, 2009. <u>Notice of Removal</u>, Exhibit A, <u>Return of Service accompanying the Complaint</u>. On September 10, 2009, Wight & Co. filed a Motion to Dismiss (Motion to Dismiss) on the grounds that the claims against it were barred by the statute of limitations. <u>Notice of Removal</u>, ¶ 6; <u>Plaintiff's Memorandum in Support of the Motion to Remand (d/e 9)</u>, Exhibit C, <u>Wight & Company's Motion to Dismiss (Wight & Co. Motion)</u>. Wight & Co. relied on § 1.3.7.3 to argue that the four-year statute of limitations began to run no later than the completion of the school in 2002. <u>Wight & Co. Motion</u>, at 9; <u>see</u> 735 ILCS 5/13-214.

3

On October 1, 2009, Union Pacific filed the Notice of Removal. Union Pacific alleged that this Court had diversity removal jurisdiction. The District and Wight & Co. are citizens of Illinois and Union Pacific is a citizen of Delaware and Nebraska. Notice of Removal, ¶¶ 3-5. Union Pacific alleged, however, that Wight & Co. was fraudulently joined and should not be considered for determining diversity. Union Pacific alleged that Wight & Co. was fraudulently joined because the District's claims were barred by the statute of limitations. Union Pacific alleged that it first learned of the fraudulent joinder when it received the Motion to Dismiss. On October 27, 2009, the District filed the Motion to Remand.

## ANALYSIS

The District moves to remand this matter because Union Pacific's Notice of Removal is untimely. The Court agrees. Union Pacific was required to file the notice of removal within thirty days after receipt, "of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based," or if the initial pleading is not removable, then within thirty days of receipt, "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

4

Union Pacific received all of the information necessary to determine that the case was removable when it received the Complaint on August 10, 2009. Union Pacific alleges that the case is removable based on diversity jurisdiction because: (1) Union Pacific is not an Illinois resident; (2) Union Pacific and the District are diverse; (3) the amount in controversy exceeds $75,000.00; and (4) Wight & Co. is fraudulently joined for removal jurisdiction purposes because the District's claims against it are barred by the statute of limitations. The 2000 Agreement provided that the statute of limitations began to run in 2002. The District attached to the Complaint the 2000 Agreement with the relevant statute of limitation provision. The Complaint alleged that the construction of the school was completed in 2002. Complaint, ¶ 25. Thus, on August 10, 2009, the Complaint provided Union Pacific with all of the information necessary to determine that the case was removable. Union Pacific waited more than thirty days, until October 1, 2009, to file the Notice of Removal. The removal, therefore, was untimely. This case is remanded.

Union Pacific argues that it did not know the basis for its removal jurisdiction allegations before Wight & Co. filed its Motion to Dismiss on September 10, 2009. Union Pacific argues that the copy of the 2000

5

Agreement attached to the Complaint did not give it notice of the statute of limitations issue that Wight & Co. raised because the District omitted some attachments from the copy of the 2000 Agreement filed with the Complaint. The Court disagrees. The District filed the portion of the 2000 Agreement that contained the relevant statute of limitation provision, § 1.3.7.3., quoted above. The District omitted five attachments to the 2000 Agreement, Exhibits A, C, D, F, and G. The copy of the 2000 Agreement attached to the Complaint, however, identified the omitted attachments, as follows:

> <u>Exhibit A  Foundation Engineering Report, Hansen Engineers, Incorporated, March 23, 2000</u>
> . . . .
> <u>Exhibit C  Preliminary Design Report with Attachments, July 12, 2000</u>
>
> <u>Exhibit D  Topographic and Boundary Survey, Hansen Engineers Incorporated, July 28, 2000</u>
> . . . .
> <u>Exhibit F  Insurance Requirements</u>
>
> <u>Exhibit G  Architect's Hourly Rates</u>

<u>2000 Agreement</u>, § 1.4.1.3. These omitted attachments have nothing to do with statutes of limitations. When it received the Complaint on August 10, 2009, Union Pacific had the statute of limitations provision in the 2000

6

Agreement and knew construction was completed in 2002. Union Pacific, thus, had the information that formed the basis of its removal allegations on August 10, 2009. The October 1, 2009, Notice of Removal was untimely. This case is remanded.

The Court declines to award the District attorney fees and expenses incurred as a result of the removal. The removal statute allows awarding fees on remand. 28 U.S.C. § 1447©. Such fees, however, should not be awarded when the removing party had an objectively reasonable basis for removal. <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 136 (2005). The question is close, but Union Pacific had an objectively reasonable basis to argue that its Notice of Removal was timely. The Court, therefore, declines to award attorney fees.

THEREFORE, Plaintiff Gillespie Community Unit School District No. 7 Macoupin County, Illinois' Motion to Remand (d/e 7) is ALLOWED. The Plaintiff's Notice of Request for Oral Argument (d/e 8) is DENIED. This case is remanded to the Illinois Circuit Court for the Seventh Judicial Circuit in Macoupin County, Illinois. This case is closed before this Court. IT IS THEREFORE SO ORDERED.

ENTER: December 3, 2009

FOR THE COURT:

                                              s/ Jeanne E. Scott
                                              JEANNE E. SCOTT
                                   UNITED STATES DISTRICT JUDGE